HERSEY, Judge,
dissenting.
In Rosenthal v. Scott, 150 So.2d 433 (Fla.1963), our supreme court, in an opinion on rehearing, analyzed in some depth the rule against splitting causes of action. Recognizing the innate injustice of a rigid and inflexible application of that rule to the factual situation before the court in that case, an exception was engrafted upon the prohibition against splitting a cause of action. In principle that exception provided that where an insurance carrier obtains rights against a tortfeasor by subrogation, insured and insurer may bring separate actions against the tortfeasor. More specifically, the holding was that the insurance carrier may bring its action against the tortfeasor to recover amounts paid to or for the insured because of property damage without foreclosing the right of its insured to later bring an action against the tort-feasor for personal injuries. Unless the subrogation exception to the rule against *905 splitting a cause of action applies only to negligence cases involving property damages and personal injuries it would seem that Rosenthal applied here would require a reversal. (The statute Section 440.39, Florida Statutes (1977), does not on its face mandate any different result).
The Rosenthal court ended its opinion with the following observation: “Every court in this land in spirit if not in fact has emblazoned over its portal in box-car letters: ‘Fiat Justicia.’ We pray it may ever remain so.”
Responsive to that pronouncement I would apply Rosenthal in its broader sense and permit appellant to proceed with his cause of action.
Accordingly, I respectfully dissent.